UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| YOUSEF Y. PIRA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 07 C 2037 |
| v. | ) | Judge Joan B. Gottschall |
| STUART CHANEN, ASSISTANT UNITED STATES ATTORNEY; et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Yousef Y. Pira, brings this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff alleges that Stuart Chanen, an Assistant United States Attorney; Scott Frankel, Plaintiff's previous defense counsel; and several United States Secret Service Agents and Postal Inspectors conspired to keep Plaintiff from receiving funds that were due him for his work as an informant and to bring false charges against him that resulted in criminal charges in federal court, Case No. 02 CR 1054. The Court previously dismissed Plaintiff's claims he raised in this case that related to another criminal case, Case No. 02 CR 1137, of which Plaintiff plead guilty, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Presently before the Court are: (1) Defendant Frankel's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted, (2) Defendant Chanen's motion to dismiss pursuant to pursuant to Fed. R. Civ. P. 4(m) for lack of proper service, and (3) the remaining Defendants' (hereinafter, "the Federal Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated in this order, Defendant Frankel's and the Federal Defendants' motions to dismiss are granted and Defendant Chanen's motion to dismiss is denied as

moot.

**BACKGROUND**

A reading of Plaintiff's amended complaint and the court documents of Case Nos. 02 CR 1054 and 02 CR 1137, of which the court takes judicial notice, support the following summary of the alleged operative conduct of the parties:

Plaintiff alleges that in 2002 he began acting as a paid informant for the United States Secret Service (U.S.S.S.). At that time, the agreement was that Plaintiff would receive 10 percent of the money involved in the crime. In order protect his "job" as a paid informant, Plaintiff had to act like a criminal and associate with criminals in their criminal activity. By the end of 2002, Plaintiff had been paid approximately $4,000 by the U.S.S.S.; however, Plaintiff was expecting approximately $60,000 for the "jobs" that he had completed and the "many more to be accomplished, at any day soon." During this time, Plaintiff worked extensively with an Agent McClosky. At some point Agent McClosky was transferred to a different branch and Plaintiff was assigned to work with an Agent Bush. Plaintiff telephoned Agent Bush on several occasions asking him about the money that he believed he was due. Agent Bush gave Plaintiff the "run-around" regarding the money due him.

In October 2002, Zach Costinos was charged with bank fraud for using counterfeit checks in *United States v. Costinos*, Case No. 02 CR 1054 (N.D. Ill.). (Criminal Complaint 02 CR 1054.) After his arrest, Costinos provided federal agents information about Plaintiff that resulted in a search warrant of Plaintiff's home. *United States v. Pira*, 535 F.3d 724, 725 (7th Cir. 2008). Plaintiff alleges that Costinos is a known liar and that the agents used the false information in an affidavit to obtain the search warrant of Plaintiff's house. On November 18, 2002, Postal Inspector Mark Zielke conducted a trash search of multiple residences. The resulting search of Plaintiff's home took place on November 22, 2002. The search resulted in the seizure of multiple items, including over 50

unauthorized credit cards, personal identification information related to 53 people, bank cards, checkbooks in various names, four boxes of check stock, stolen and counterfeit checks, fraudulent money orders, and two "Arrow" locks used on U.S. Postal Service mail boxes. *Pira*, 535 F.3d at 725. According to Plaintiff, all of the items that were seized were items that he had gathered to show other criminals that he was also engaging in illegal conduct so that they would trust and work with him. All of the Defendants except Chanen were present during the search and knew that Plaintiff was working as a paid informant. Plaintiff was arrested the same day the search was conducted and charged in Case No. 02 CR 1137 (N.D. Ill.). (Criminal Complaint Case No 02 CR 1137.) On November 26, 2002, Plaintiff was released on bond. (Case No. 02 CR 1137, Doc. Nos. 5,6.) According to Plaintiff, his arrest in Case No. 02 C 1137 constituted the "first part of conspiracy."

On November 27, 2002, Plaintiff had a meeting with the prosecutor, some of the U.S.S.S. agents, and his public defender. During the meeting, the Defendants asked Plaintiff to cooperate with them so he could receive a lesser sentence. Plaintiff answered that he was already working for them and asked for his money that he was owed for his previous work. According to Plaintiff, the "second part of the conspiracy" was to make him work for free and forget about the money they owed him or face a long prison term.

On January 23, 2003, two federal indictments were issued against Plaintiff from the same grand jury. The first was a four-count indictment filed in Case No 02 CR 1137, charging him with violating three subsections of 18 U.S.C. § 1029(a)(3) (illegal possession or use of access devices) and one violation of 18 U.S.C. § 1704 (unlawful possession of a Postal Service mail lock). (Indictment in Case No. 02 CR 1137.) The second indictment was filed in Case No 02 CR 1054, the same case pending against Costinos, charging Plaintiff, along with Costinos, with multiple acts

of bank fraud. This indictment alleged that Plaintiff possessed and used counterfeit checks as part of the scheme to defraud. (Indictment in Case No. 02 CR 1054.)

On March 21, 2003, Plaintiff was arraigned in Case No. 02 CR 1054. That same day, Plaintiff's public defender withdrew as Plaintiff's counsel due to a conflict of interest. Plaintiff's bond in Case 02 CR 1137 was revoked and Plaintiff was re-incarcerated. Frankel was appointed to represent Plaintiff that same day. Plaintiff alleges that Frankel's representation of Plaintiff in 02 CR 1137 was deficient. In addition Frankel did not seek to dismiss Case No. 02 CR 1054 to enable Plaintiff to be released on bond as part of the conspiracy to keep Plaintiff in prison. Because of Case 02 CR 1054, Plaintiff was denied bond and he was forced to stay in jail through his sentencing in Case No. 02 CR 1137. Plaintiff alleges that the "third part" of the conspiracy was the bringing of new charges against him in Case No. 02 CR 1054 to put pressure on him to accept their "deal or offer."

A jury trial was held in case No. 02 CR 1137 on December 15 and 16, 2005. On December 16, 2005, during that jury trial, Plaintiff withdraw his not-guilty plea and pled guilty to counts 1 through four. On July 25, 2006, Plaintiff was sentenced in Case No 02 CR 1137 for a term of imprisonment of 78 months and 3 years of probation. During the sentencing hearing, some acts and evidence related to the charges in Case No. 02 CR 1054 were presented as "relevant conduct" for the purpose of sentencing enhancements. During the sentencing hearing, Costinos testified that he had received seven counterfeit checks from Plaintiff and that he deposited them into checking accounts opened under the assumed identity George Zodo, which were the same bank fraud charges in Case No. 02 CR 1054. The district court found this fraudulent check scheme to be a "relevant conduct" aggravating factor for purposes of sentencing Plaintiff in Case No. 02 CR 1137. At the end of the sentencing hearing, the government dismissed the indictment in Case No. 02 CR 1054.

Plaintiff appealed his conviction and sentence to the United States Court of Appeals for the Seventh Circuit. On January 7, 2009, the Seventh Circuit affirmed Plaintiff's conviction and sentence in Case No. 02 CR 1137. The Seventh Circuit found, in relevant part, that the fraud scheme related to Case No. 02 CR 1054 was properly included as relevant conduct for purposes of sentence enhancement. *Pira*, 535 F.3d at 728-29.

On January 26, 2009, Plaintiff filed a motion to vacate, set aside, or correct his sentence pursuant to 42 U.S.C. § 2255, as to Case No. 02 CR 1137 (Case No. 09 CV 0476). On April 23, 2009, Plaintiff's Section 2255 motion was denied. Plaintiff appealed the Court's order, and that appeal remains pending.

## ANALYSIS

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). However, some factual allegations my be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "

5

give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

However, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009)). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, 578 F.3d at 581.

The Federal Defendants argue that all of Plaintiff's claims should be dismissed as time-barred. Plaintiff did not file a response to the Federal Defendants' motion to dismiss.

*Bivens* actions are controlled by the personal injury statute of limitations of the state where the alleged injury occurred. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). In Illinois, the statute of limitations for personal injury lawsuits is two years. *Delgado-Brunet*, 93 F.3d at 342. The statute of limitations of *Bivens* actions begins to run when the plaintiff discovers, or through due diligence would have discovered, that he has been injured and who caused the injury. *United States*

*v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000).

In the instant case, Plaintiff appears to allege *Bivens* claims based on the alleged illegal searches, false arrest, malicious prosecution, and conspiracy. Plaintiff also appears to be alleging that federal agents provided false grand jury testimony. However, any claims based on the grand jury testimony of federal agents are barred by absolute witness immunity. *See Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995); *Kincaid v. Eberle*, 712 F.2d 1023, 1024 (7th Cir. 1983).

Plaintiff attempts to bring claims based on the alleged illegal searches and his November 22, 2002, arrest. These searches and arrest appear to have resulted in both criminal proceedings against Plaintiff, Case Nos. 02 CR 1137 and 02 CR 1054. When a state prisoner seeks damages in a civil rights suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). However, claims based on an illegal search and false arrest are generally not barred by the *Heck* doctrine because these claims do not necessarily imply the invalidity of a criminal conviction. *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Thus, Plaintiff's claims based on the alleged illegal searches and false arrests are not *Heck*-barred and they accrued at the time those incidents occurred. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). These claims accrued on November 18 and 22, 2002, and the statute of limitations expired on these claims, at the latest, November 22, 2004. Plaintiff did not file his complaint until April 4, 2007 (based on the date Plaintiff signed the complaint). Accordingly, these claims are time-barred. The Court notes, in any event, that even if the these claims related to Case No. 02 CR 1137 were *Heck*-barred, they would still be dismissed because they would not accrue until Plaintiff's conviction was invalidated. S*ee Heck*, 512 U.S. at 490 (until the sentence has been

invalidated, the cause of action for damages simply "does not accrue"); *Wiley v. City of Chicago*, 361 F.3d 994, 996-97 (7th Cir. 2004) (claims that are *Heck*-barred accrue when the conviction is nullified).

Similarly, Plaintiff's claim of "malicious prosecution" accrued on the date of his arrest. In the Seventh Circuit, "malicious prosecution" is not recognized as a constitutional tort independent of any injury brought by the plaintiff's wrongful arrest and detention. *See Newsome v. McCabe*, 256 F.3d 747, 751-52 (7th Cir. 2001) Therefore, "malicious prosecution" claims brought under the Fourth Amendment accrue, like Fourth Amendment false arrest claims, at the time of the unlawful seizure. *See Newsome*, 256 F.3d at 751. Thus, this claim also accrued on November 22, 2002, at the time of Plaintiff's arrest, and, is time-barred.

Plaintiff also alleges a three-part conspiracy: (1) his arrest on November 22, 2002, (2) making him work for free and forgetting about the money owed to him based on the November 27, 2002, meeting, and (3) bringing new charges against him in Case No. 02 CR 1054 on March 21, 2003, that resulted in the revocation of his bond in Case No. 02 CR 1137. A civil conspiracy accrues "when the plaintiff becomes aware he is suffering from a wrong for which damages may be recovered on a civil action." *Scherer v. Balkema*, 840 F.2d 437, 440 (7th Cir. 1998). Here, based on Plaintiff's allegations, Plaintiff became aware he was suffering from the alleged false charges brought against him in Case No. 02 CR 1054 on March 21, 2003, when he was arraigned on those charges and his bond in Case No. 02 CR 1137 was revoked. Thus, Plaintiff's conspiracy claim accrued, at the latest, on March 21, 2003; and his conspiracy claims are time-barred. Any other basis for a conspiracy claim that Plaintiff may be attempting to bring is not sufficiently pled because Plaintiff does not plead any other conduct by the Defendants demonstrating an implied or expressed agreement by the Defendants to deprive Plaintiff of his constitutional rights.. *See, Cooney v.*

*Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (bare conclusory allegations of a conspiracy not sufficient to survive a motion to dismiss for failure to state a claim).

It is unclear whether Plaintiff is also attempting to bring a *Bivens* claim based on his defendant counsel's alleged ineffectiveness. However, Plaintiff's counsel is not a state or federal officer acting under state or federal law. *See Polk v. Dodson*, 454 U.S. 312, 317-19 (1981). Furthermore, any claims of ineffective assistance of counsel as to case No. 02 CR 1137 would be *Heck*-barred. *See Richards v. United States*, No. 08 C 6810, 2009 WL 2985945, * 6 (N.D. Ill. Sept. 11, 2009) (Coar, J.) (dismissing ineffective assistance of defense counsel claims as *Heck*-barred and, alternatively, as failing to state a *Bivens* action because counsel is not a federal actor).

Alternatively, the Federal Defendants argue that any claims Plaintiff is attempting to bring based on the charges in Case No. 02 CR 1054 that were established in his sentencing hearing in Case No. 02 CR 1137 and relied upon by the district court as "relevant conduct" for purposes of Plaintiff's sentence, are *Heck*-barred because they formed the basis of Plaintiff's sentence in Case No. 02 CR 1137, and that conviction and sentence still stand. Plaintiff's amended complaint does not appear to include allegations related to the conduct that was considered by the district court when sentencing Plaintiff in 02 CR 1137. Accordingly, the Court cannot discern any clams that are *Heck*-barred due to those claims being based on "relevant conduct" considered in Plaintiff's sentence in Case No. 02 CR 1137.

Based on the above, Plaintiff's remaining non-*Heck* barred federal claims are time-barred. While unclear whether Plaintiff is also attempting to bring any state-law claims, in the absence of a valid federal claim, any remaining state law claims are dismissed for lack of pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983).

## CONCLUSION

Based on the above, Defendant Frankel's and the Federal Defendants' motions to dismiss [82], [101] are granted pursuant to Fed. R. Civ. P 12(b)(6) and Defendant Chanen's motion to dismiss [105] is denied as moot. Plaintiff's time-barred claims are dismissed with prejudice. Plaintiff's *Heck*-barred claims and any state-law claims are dismissed without prejudice. This case is closed.


Dated:  1/8/2010                              /s/
                                        Joan B. Gottschall
                                        United States District Court Judge